IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES M. MUNYAN,                              CASE NO. 2:13-cv-1018

                **Petitioner,**              JUDGE ALGENON L. MARBLEY

v.                                            Magistrate Judge Kemp

MADISON CORRECTIONAL
INSTITUTION,
                **Respondent.**

<u>REPORT AND RECOMMENDATION</u>

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Court to conduct an initial screening under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  That Rule provides that "[i]f it plainly appears from the petition ... that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition ...."  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that petitioner's claims be **DISMISSED** under Rule 4.

## I.  PROCEDURAL HISTORY

According to the petition, petitioner was sentenced in the Licking County Court of Common Pleas on June 6, 2008.  He received a sentence of 36 years on counts of rape, gross sexual imposition, and complicity to rape,  charges to which he pleaded guilty. Petitioner appealed, raising an issue about post-release control, but the Fifth District Court of Appeals overruled his assignment of error.  *See State v. Munyan*, 2009 WL 1397241 (Licking Co. App. May 19, 2009).

According to Petitioner, in November, 2012, the rape and complicity to rape charges were amended to attempted rape and complicity to attempted rape. Petitioner's aggregate sentence was then reduced to 25 years.  *See Petition*, Doc. 1, at 1. The judgment entry accomplishing this, which is attached to the petition, also reflects that Petitioner was withdrawing, with prejudice, an earlier-filed motion to set aside the judgment and to withdraw his guilty plea, and that if Petitioner attempted to appeal or otherwise attack the new judgment, the trial court would "reinstate the original guilty findings on the Rape and Complicity to Rape charges and thereafter re-sentence the defendant on those reinstated offenses (which would then include a required 10 years to life sentence on each of those counts)."  *Id.*   Petitioner did not appeal or otherwise file any state court proceeding collaterally attacking the new judgment and sentence.

In the petition he filed with this Court, Petitioner asserts the following two grounds for relief (reproduced here exactly as Petitioner has stated them):

> **GROUND ONE:** My due process and double jeopardy rights were violated under the 5th, 6th and 14th Amendments to the United States Constitution structural and constitutional error that occurred when I was convicted upon insufficient and defective indictment that included … counts and offenses in date ranges; and

> **GROUND TWO**: My original indictment was changed after 4½ years violating my double jeoprady rights under 14th amendment of the U.S. Constitution.

*Petition*, at 6-8.  Petitioner acknowledges that he did not raise these issues in the state courts, asserting that the language in the judgment entry which resentenced him

threatened him with adverse consequences if he took an appeal.

## II.  EXHAUSTION AND PROCEDURAL DEFAULT

Under §2254, a federal court may grant relief to a state prisoner only if that person is being held in custody in violation of the Constitution or law of the United States - that is, that the prisoner's conviction or sentence was unlawful under federal law.  In order for a federal court to decide any such claims on their merits, "the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  That is so because §2254(b) states that an application for a writ of habeas corpus filed by someone in petitioner's position "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State ...."

A doctrine related to the exhaustion doctrine is known as "procedural default." "Procedural default" describes the situation where a person convicted of a crime in a state court not only fails (for whatever reason) to present a particular claim to the highest court of the State so that the State has a fair chance to correct its own errors, but no longer has any opportunity to do so - usually because the time for filing an appeal or other attack on a state conviction or sentence has come and gone.  When that occurs, a habeas petitioner may obtain review of the merits of his federal claims only if he can show some "cause" for his failure to follow the state court rules relating to raising that claim, and "prejudice" from not having obtained state court review.  *See Wainwright v. Sykes*, 433 U.S. 72 (1977).

Here, Petitioner admits that he did not file an appeal from the November, 2012 sentencing entry. The time to do so under Ohio law (thirty days from the entry of judgment) has long passed. *See Ohio App. R.* 4(A). Under *Ohio App. R.* 5(A), however, Petitioner can move for a delayed appeal. Such a motion must "be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right." *Ohio App. R.* 5(A)(2). This Court has fairly consistently considered the failure to move for a delayed direct appeal, either to the state court of appeals or to the Ohio Supreme Court, to be a failure to exhaust state remedies. *See, e.g., Colbert v. Tambi*, 513 F.Supp.2d 927, 938-39 (S.D. Ohio 2007); *see also Hennis v. Warden, Chillicothe Correctional Inst.*, 2011 WL 796197, *3-4 (S.D. Ohio Feb. 8, 2011), *adopted and affirmed* 2011 WL 795076 (S.D. Ohio March 1, 2011). A court might also consider the failure to seek a delayed direct appeal to be a procedural default if any return to the state court would clearly be futile, *see, e.g., Dickerson v. Mitchell*, 336 F.Supp.2d 770, 807 (N.D. Ohio 2004), *rev'd on other grounds* 453 F.3d 690 (6th Cir. 2006), and it can also reach the merits of unexhausted claims if they are plainly insufficient to warrant granting habeas corpus relief. *Lott v. Coyle*, 261 F.3d 594, 608 (6th Cir. 2001). Either of these latter two options results in a denial of the petition with prejudice, however, whereas a dismissal for failure to exhaust may, unless the statute of limitations on his claims has run, permit a petitioner to refile once all state court remedies have been properly pursued. Further, at least where the futility of a delayed appeal is not a foregone conclusion, "[r]equiring petitioner to pursue a delayed appeal in the state courts prior to filing a federal habeas

4

corpus petition ... will serve the interests of federal-state comity by giving the Ohio appellate courts the opportunity to address petitioner's claims on the merits." *Moore v. Erwin*, 2005 WL 1073371, *2 (S.D. Ohio April 18, 2005).

It is not entirely clear that both of Petitioner's grounds for relief relate to the most recent judgment entry from the state court.  His first claim, attempting to raise issues about the sufficiency of the indictment, might relate to the indictment returned in 2008 rather than the amended indictment to which he pleaded guilty in 2012.  However, any claims about the 2008 indictment are clearly both procedurally defaulted - those claims should have been raised in his direct appeal back in 2008, but were not - and time-barred, because Petitioner had only one year after the state court of appeals decision (issued on May 19, 2009) to bring such claims to the federal court under 28 U.S.C. §2254. *See* 28 U.S.C. §2244(d).  Because the indictment was amended in 2012, and petitioner has only now elected to challenge it, the Court, construing the petition favorably to Petitioner, assumes that he means to challenge the sufficiency of the amended indictment.  Obviously, that claim did not exist in 2008 and could not have been raised then.  Petitioner's second claim also relates to the 2012 judgment, so both of his claims can be presented to the state court by way of a delayed direct appeal, and are therefore unexhausted.  Because petitioner has advanced at least some reason for his failure to timely appeal - the threat of a much higher sentence if he did so - the state court should be given a chance to decide if that constitutes a valid ground for delay under Rule 5(A). The Court concludes, consistent with the cases cited above, that the proper remedy

under these circumstances is to dismiss the petition for lack of exhaustion.

### III.  RECOMMENDED DISPOSITION

For these reasons, the Magistrate Judge **RECOMMENDS** that the petition for a writ of habeas corpus be **DISMISSED** for lack of exhaustion of state court remedies.

### IV. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).


/s/ Terence P. Kemp

United States Magistrate Judge